TATLOCK & WILSON v. LOUISA COUNTY.

1. **Contract**: ATTORNEY: SERVICES.   In an action by an attorney against a county for legal services rendered in aid of the district attorney, it was *held,* that the plaintiff was not entitled to recover a reasonable compensation therefor.

> *Argument* 1. The action being based upon a contract, relief could only be afforded under the contract.

> *Argument* 2. The district attorney is not empowered to employ additional counsel, nor will his acceptance of services bind the county to payment therefor.

2. ———: ———: BOARD OF SUPERVISORS.   The chairman of the board of supervisors is not authorized to make such a contract with an attorney, but authority may be conferred upon him by the board to make it, and when this is done such a contract will be binding upon the county.

*Appeal from Henry Circuit Court.*

THURSDAY, JUNE 7.

THE petition states that an action was pending against the defendant, and the plaintiffs were employed as counsel in said action by the chairman of the board of supervisors of defendant, who was acting in the matter of said employment for said board; that plaintiffs did appear in said action and rendered services therein; that they so acted under said employment with the concurrence of the district attorney and with the knowledge and consent of said board who knew and accepted the services.   The claim was presented to the board and disallowed, and this action is brought to recover the amount

thereof. A demurrer to the petition having been sustained, the plaintiffs appeal.

*Tatlock & Wilson*, for appellants.

*Blake & Hammack*, for appellee.

SEEVERS, J.—It is insisted that it is not only the right, but the duty of the district attorney to appear for and prosecute or defend all actions brought by or against the county, and this position, we incline to think, is correct. *Clark & Grant v. Lyon County*, 37 Iowa, 469. It is further insisted that, as the services in this case were rendered with the knowledge and concurrence of the district attorney, the defendant must pay at least reasonable compensation therefor. In this view we cannot concur, because:

1. This action is not brought to recover a reasonable compensation for services rendered, but to recover for services under a contract; and

2. While it may be the duty of the district attorney to appear for and defend actions brought against a county, this by no means gives him authority to employ additional counsel, much less would his acceptance of the services of attorneys who might appear in the cause bind the county.

II. The employment of the plaintiffs by the chairman of the board was in writing, and is set out in the petition as follows: "I hereby authorize and empower Tatlock & Wilson to appear and defend the case of *F. E. Goble et al. v. The Board of Supervisors of Louisa County, Iowa*, on the part of defendant, to take such steps as may be thought necessary by them in making such defense or taking depositions or making preparations for the trial of said cause.

"P. D. BAILEY,
"*Chairman Board Supervisors Louisa Co., Ia.*"

The powers and duties of the chairman of the board as distinguished from those of any other individual member are but few, and certainly he has no more power or authority to employ counsel or make contracts binding on the county than has any

other member of the board.   The board may, however, when-
ever they deem it expedient, employ counsel to prosecute or
defend actions against the county; nor is a formal vote by the
board or an entry of the fact of such employment of record
necessary to the validity of the contract.   Dillon's Municipal
Corporations, Sec. 399.   But the consent of the board to the
employment must be shown, and when this is done the chair-
man, or any other member of the board as agent thereof, may
be empowered to enter into and make the contract.   *Rice v.
Plymouth County*, 43 Iowa, 136.

Now, the petition avers that the chairman, acting for the
board, entered into the contract.   This being admitted by
the demurrer, we think the presumption is, and must be, that
he was so acting under legal authority.   This, we think, is
the fair and natural construction of the statements of the
petition.   A motion for a more specific statement would have
been more appropriate than a demurrer.

REVERSED.