THE STATE v. ARNOLD.

1. Criminal Law: EVIDENCE: ADMISSION OF CO-CONSPIRATOR. The admission of a conspirator after the conspiracy is at end, even upon a plea of guilty, is evidence only as against himself, and is not admissible against his alleged co-conspirators.

*Appeal from Allamakee District Court.*

SATURDAY, JUNE 8.

THE defendant and one Charles Savoye were jointly indicted for conspiring together to bring about the seduction of Elizabeth Stielsmith.   The indictment is fully set out in the case of *The State v. Savoye, ante,* 562.   The defendant was convicted and sentenced to the penitentiary for three years.   He appeals.

*L. O. Hatch,* and *Dayton & Dayton,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

DAY, J.—I.   The defendant's demurrer to the indictment was overruled.   The indictment was held sufficient in the case of *The State v. Charles Savoye,* before alluded to.

II.   Upon the trial the State was permitted to prove the statements of Charles Savoye, containing a detailed and circumstantial admission of the facts constituting the offense.

These declarations were made long after the alleged offense was committed. The admission of this evidence was error. "When the common enterprise is at an end, whether by accomplishment or abandonment, no one of the conspirators is permitted by any subsequent act or declaration of his own to affect the others. His confession, therefore, subsequently made, even though by the plea of guilty, is not admissible in evidence, as such, against any but himself. Under no circumstances can the most solemn admission made by him on trial be evidence against his accomplices." Wharton's Criminal Law, § 703, and cases cited.

REVERSED.