## JORDAN & McCALLUM v. OSCEOLA COUNTY.

1. **Contract:** WITH COUNTY SUPERVISORS: PROVED BY PAROL. It is not necessary to the validity of a contract made with the board of supervisors that it be entered on the supervisors' records, but such contract may be proved by parol:—following *Tatlock v. Louisa County*, 46 Iowa, 138.

2. **County:** RIGHT TO EMPLOY COUNSEL. A county has the undoubted right to employ counsel to prosecute or defend an action, or to perform other services.

3. ——: SUPERVISORS: MUST ACT IN SESSION. County supervisors are not authorized to bind the county by a contract made by them individually, but they must act as a board in session in order to do so.

4. The evidence in this case *held* sufficient to support the verdict of the jury.

*Appeal from Sioux District Court.*

FRIDAY, SEPTEMBER 22.

ACTION to recover for legal services rendered by plaintiffs, who are attorneys at law. A verdict was had for plaintiffs, and a judgment was rendered thereon. Defendant appeals.

*James T. Barklay* and *J. H. Swan*, for appellants.

*H. Jordan*, for appellees.

BECK, J.—The questions presented in the case will be considered in the order of their discussion by defendant's counsel.

I. Evidence was admitted against defendant's objection, tending to prove the employment of plaintiffs by an oral contract made by the supervisors, no entry of which was made in the records of the board of supervisors. Defendant insists that the evidence is incompetent for the reason that all proceedings of the board are by law required to be recorded, and that parol testimony of matters which should be entered of record is only competent as secondary evidence. We held in *Tatlock & Wilson v. Louisa County*, 46 Iowa, 138, that the entry upon the records of the supervisors of the fact that a contract was made, is not necessary to its validity. The reason of this rule is obvious. A party contracting with the

supervisors has no authority or power to cause the contract to be noted in the record; this rests alone with the county officers. The law will not permit prejudice and loss to the party contracting with the supervisors, by reason of the negligent or intentional omission of the supervisors or the county officers to enter the fact of the contract upon the proper record. This rule is recognized in *Baker v. Johnson Co.*, 33 Iowa, 153, and in *Rice & Son v. Plymouth Co.*, 43 Iowa, 136.

II. Counsel insist that plaintiffs can recover upon an express contract only; and that as the action of the supervisors does not bind defendants there was no contract for employment. This position is based upon the ground that the county is not bound unless the contract be entered of record, a point we have just determined against the view of the connsel.

III. Counsel for defendant maintain that the county had no authority to employ counsel and it is not, therefore, bound by the contract whereby it employed plaintiffs. This court has held that a county may employ counsel to prosecute or defend an action. *Tatlock & Wilson v. Louisa Co.*, 46 Iowa, 138. It undoubtedly has the right to employ counsel to perform other services.

IV. It is urged that the supervisors are not authorized to bind defendant by a contract made by them individually, but must act as a board in session, in order to do so. This rule was substantially announced in the tenth instruction given to the jury.

V. It is lastly urged that the evidence fails to establish the contract of employment as well as other facts entitling plaintiff to recover. It is possible that the preponderance of the testimony is on the side of defendant, but it cannot be justly claimed that there is such absence of proof in support of the verdict as to justify the conclusion that it was not found in the intelligent and unbiased exercise of the discretion of the jury. It cannot, therefore, be disturbed.

AFFIRMED.