3w265
3w469

[Decided January 21, 1887.]

## CORNELIUS G. BRADSHAW v. TERRITORY OF WASHINGTON.

1. CONSPIRACY — INDICTMENT — COMMON-LAW OFFENSE. — Under the Code of Washington Territory, section 782, the common-law offense of conspiracy is indictable; and an indictment which contains sufficient to charge the crime as at common law will support a judgment of conviction.

2. SAME — CONSPIRACY TO DEFRAUD. — Conspiracy to defraud a person is indictable at common law.

3. SAME — SENTENCE — CONVICTION OF CO-CONSPIRATORS. — A person convicted of conspiracy may be sentenced although no co-conspirator has been convicted. It is only when all of the co-conspirators have either been acquitted, or been discharged under circumstances tantamount to acquittal, that a conspirator cannot be convicted.

4. SAME. — Where a conspirator has not been indicted, in order to obtain his evidence for the prosecution, and the indictment of two other conspirators has been dismissed on the motion of the prosecuting officer, as permitted by the laws of Washington Territory, leaving the question of guilt or innocence undetermined, these conspirators have not been acquitted or discharged under such circumstances that the remaining conspirator may not be indicted and sentenced.

ERROR to the District Court holding terms at Spokane Falls. Fourth District.

Defendant with two co-defendants were jointly indicted for conspiracy to defraud a person by obtaining property under false pretenses, and all pleaded not guilty, and moved for separate trials, which motion was granted. Bradshaw was tried and found guilty. He moved for a new trial, but the motion, failing to point out definitely any statutory ground, was overruled. He then made a motion in arrest of judgment, because the facts as stated in the indictment did not constitute a crime, which was overruled. It was also urged that the court had no power to sentence the defendant before the conviction of any co-conspirator, and the indictment against his co-defendants, after a mistrial, was dismissed. Other facts appear in the opinion of the court. There was a judgment against the defendant, from which he appealed.

*Messrs. Griffith & Graves,* for the Plaintiff in Error.

Conspiracy is defined by statute in this territory; hence conspiracy at common law is unknown to this territory. (Code, secs. 782, 899, 1295; also see c. 92, p. 211.) The indictment charges a conspiracy to do a civil injury, which is not indictable unless the *means* to be employed are also. (*Rex* v. *Turner,* 13 East, 228; *State* v. *Rickey,* 9 N. J. L. 364; *Commonwealth* v. *Gray,* 9 Gray, 127.) At most, the indictment attempts to charge a conspiracy to obtain money or property by means of false pretenses. This is certainly insufficient, unless the pleader describes the offense with the same particularity as would be necessary in an indictment for that particular offense. (*State* v. *Eastman,* 1 Ark. 189; *State* v. *Crowley,* 41 Wis. 27; *Smith* v. *State,* 5 Crim. Law Mag. 574.) Neither does the indictment charge a conspiracy to commit a cheat at common law, for the same reasons. (2 Wharton's Crim. Law, secs. 2056, 2066.) As to what allegations are necessary to charge a cheat at common law, the counsel cited 2 Wharton's Crim. Law, secs. 2056–2062, 2066–2068.

The court had no authority to pass sentence on defendant until one or more of his co-conspirators had been convicted, and until such event, judgment should have been suspended, and when the territory voluntarily abandoned the prosecution against the others, the defendant was entitled to a discharge.

*Mr. S. C. Hyde, Prosecuting Attorney,* for the Defendant in Error.

All offenses at common law not defined by statute are indictable in this territory. (Code, sec. 782.) Conspiracy is a crime at common law. (2 Hawk. P. C., b. 2, c. 72, secs. 1, 2.) It is not necessary, to constitute the offense, that either the means to be employed or the objects to be accomplished should be indictable, or affect the public in a legal sense. (2 Bishop's Crim. Law, secs. 172, 178, 180, 181, 185, 198, 202, 206, 207, 211, 215, and cases there cited; 2 Wharton's Crim. Law, secs. 1337, 1338; *Commonwealth* v. *Waterman,* 122 Mass. 57.) If either the object of the conspiracy or the means employed are unlawful, it is sufficient. "Unlawful" signifies contrary to law, and many acts are contrary to law which do not subject the actor to indictment. (2 Bishop's Crim. Law, secs. 172, 178; 2 Bishop's Crim. Proc., secs. 207–209, 215–217.) A conspiracy to impoverish an individual, and to defraud him of his goods and chattels, that is, obtain them wrongfully, illegally, without proper consideration, and without his consent, when the means employed are corrupt, deceptive, false, and fraudulent, is a crime under our law. (2 Wharton's Crim. Law, secs. 1337, 1338, 1347, 1349, 1359, 1360; 2 Bishop's Crim. Law, secs. 171, 172, 175, 182, 198, 206, 207, 211.) As to the power of the court to pass sentence without prior conviction of a co-conspirator, counsel contended that if the names of part of the persons alleged to be co-conspirators had been unknown, or had they never been apprehended, or died before trial, there

might still have been a conviction and punishment of one. (2 Wharton's Crim. Law, secs. 1388, 1389, 1393; 2 Bishop's Crim. Law, sec. 188.) Even the acquittal of one of three conspirators and death of another will not avail the third. (2 Bishop's Crim. Law, sec. 188.) The acquittal of one conspirator cannot avail his co-defendant except in a trial subsequent to such acquittal. (2 Wharton's Crim. Law, sec. 1391.)

Mr. Chief Justice GREENE delivered the opinion of the court.

This is a writ of error, bringing up from the District Court the judgment and record of the case, wherein the plaintiff in error was convicted of the crime of conspiracy. He and two others were indicted together for conspiring with a fourth person to defraud by means specified in the indictment the person's business partner. He was tried first and alone. There is nothing to inform this court that any of his co-conspirators have ever been convicted.

In the course of the proceedings before conviction, exceptions were taken to quite a number of rulings of the trial judge, and to his giving and refusing instructions to the jury; which action of his, if to defendant's prejudice, was corrigible by a new trial, but cannot be corrected in this court, because no motion for a new trial definitely pointing out any statutory ground for the motion was ever made. Only two questions upon which this court can pass are before us, both of which are presented by the motion in arrest of judgment: one as to the sufficiency of the indictment, the other as to the power of the District Court to pass sentence before the conviction of any co-conspirator.

There is no statute of this territory defining conspiracy. Hence, according to section 782 of the Code, the common-law offense of conspiracy is indictable. But it is contended that conspiracy to defraud a person is

not indictable at common law.    This is a mistake.
(2 Bishop's Crim. Law, sec. 207, and cases cited; 2
Bishop's Crim. Proc., sec. 215; Bishop's Directions and
Forms, sec. 285; 2 Wharton's Crim. Law, secs. 1337,
1338, 1347–1349.)    We have examined the indictment
with care, and find it unnecessarily verbose, but not
lacking in any of the requisites of a good criminal
pleading.

As regards the point that the plaintiff in error could
not be sentenced until a co-conspirator had been first
convicted, the law is not as his counsel contends.    For
while it is true that the conviction of a single conspira-
tor, or even his indictment, cannot be had, or if had will
be invalidated in case every one else who is charged to
have been conspirator with him has been or is acquitted,
or under circumstances that amount to an acquittal dis-
charged, yet we understand that it is also the law, on the
other hand, that a person may be indicted for conspir-
acy and convicted; and if convicted, sentenced, although
every person who is charged to have been co-conspira-
tor with him is unindicted, or has in some mode not
inconsistent with guilt been released from liability
under the indictment.    (2 Wharton's Crim. Law, secs.
1388, 1389, 1393; 2 Bishop's Crim. Law, secs. 188 et seq.)

From the transcript before us, it appears that there
was an unindicted conspirator who gave evidence for
the territory upon the trial, and who, we presume, was
excluded from the indictment in order that he might
give evidence for the people.    It further appears, both
from the record and the concession of parties, that after
the trial of plaintiff in error, and a subsequent mistrial
of his two co-defendants, the indictment was dismissed
as to them upon motion of the prosecuting officer, as
permitted by our statute, leaving the question of the
guilt or innocence of these co-defendants undetermined
and undeterminable, except so far as upon the trial of

plaintiff in error, and as against him individually, it had already been passed upon by the jury that tried him.

Let the judgment of the District Court be affirmed.

Langford, J., and Hoyt, J., concurred.