TAYLOR COUNTY V. STANDLEY.

1. **Counties:** ACTIONS BY : COUNTY ATTORNEY. An action by a county to recover money due it will not be dismissed on the ground that counsel other than the county attorney prosecutes it under the direction and employment of the board of supervisors ; for the board has the right, by virtue of its general powers to manage the affairs of the county, to employ counsel, and to cause proceedings to be instituted in the name of the county without the consent of the county attorney, and regardless of his willingness or ability to appear for the county. (See opinic . for statutes considered and cases cited.)

2. **Pleading:** TWO COUNTS : ELECTION. Although the two counts of the petition were, in legal effect, much the same, and no good reason is apparent for both, yet, as no prejudice could have resulted to defendant from the overruling of his motion to compel plaintiff to elect on which he would stand, and to strike out the other, *held* that such ruling was no ground for reversing a judgment for plaintiff.

3. **Counties:** RECOVERY OF MONEY OBTAINED THROUGH TREASURER : REMEDY. Where defendant, by conspiracy with the treasurer of plaintiff, came into possession of plaintiff's money, and refused to pay it to plaintiff, an action was properly begun and maintained against him therefor. Plaintiff was not confined to its remedy on the treasurer's bond.

4. ———: ———: CONSPIRACY: EVIDENCE. Where in such action the evidence tended to show that the transactions between the treasurer and defendant, involving the money of plaintiff, began when the former entered upon the duties of his office, and were continued until his last settlement with the plaintiff's supervisors, *held* that evidence of statements made officially by the treasurer, as a part of his semi-annual settlements with the supervisors, was properly admitted as tending to show the amount of money for which the treasurer was liable at different times, and, when considered with other evidence, the dealings between him and defendant under the alleged conspiracy between them.

5. **Conspiracy :** EVIDENCE : DECLARATIONS OF CO-CONSPIRATOR : INSTRUCTION. In an action against defendant to recover money alleged to have been obtained by him through a conspiracy with one K., the court instructed : "If you find from the evidence * * * that the defendant and K. were engaged in a conspiracy * * * then the declarations and statements made by K., and admitted in evidence, may be taken into consideration by you,

Taylor County v. Standley.

in connection with all the other facts and circumstances proved on the trial." *Held* erroneous, because it did not limit the jury to such declarations only as were made by the alleged co-conspirator while the conspiracy was in progress, and in furtherance of its objects. And, since the only evidence as to the amount of money which defendant had thus obtained was the declarations of K., which the evidence tended to show were made when the conspiracy was at an end, and not in furtherance thereof, the error was prejudicial, and ground for reversal. (See opinion for citations.)

*Appeal from Union District Court.*—HON. R. C. HENRY, Judge.

FILED, FEBRUARY 13, 1890.

ACTION to recover for money alleged to have belonged to plaintiff, and to have been wrongfully obtained by defendant, and converted to his own use. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*L. T. McCoun*, for appellant.

*J. P. Flick*, *G. B. Haddock* and *Mark Atkinson*, for appellee.

ROBINSON, J.—The petition contains two counts. The first alleges that one P. C. King was treasurer of Taylor county from January, 1878, until some time in August, 1884; that during that time large sums of money, for which he was required by law to care and account to plaintiff, came into his hands; that defendant, knowing that King was treasurer, and as such held said money in trust for plaintiff, with intent to cheat, wrong and defraud plaintiff, conspired with King to divert said money from its legitimate use, and to fraudulently convert it to the use of defendant; that about the year 1884 the defendant, by virtue of said conspiracy, took from King $27,516.16, knowing when he received it that it belonged to plaintiff; that it was fraudulently taken by defendant, and by such wrongful

Taylor County v. Standley.

taking and conversion King became a defaulter, and plaintiff lost the money; that it has never been replaced. The second count alleges that King was treasurer, as stated in the first count; that, during the time he was such treasurer, defendant fraudulently procured from King, and converted to his own use, money which was the property of plaintiff; that, at the January and June settlements of each year during that time, defendant furnished, and procured to be furnished, to King money to be counted by the board of supervisors in such settlements; that, after such settlements were had and completed, the defendant, knowing that such money had been received and counted by said board as county funds, and credited to King, again took the money so furnished and counted, and converted it to his own use; that defendant has fraudulently procured, through collusion with said treasurer, and converted to his own use, of money belonging to plaintiff, the sum of $27,516.16, and refuses to account to plaintiff therefor. Each count contains a demand for judgment for the sum named. The answer upon which the action was submitted to the jury was a general denial. The amount of plaintiff's recovery, fixed by the verdict, was eighteen thousand dollars principal and forty-three hundred and eighty dollars interest. The judgment rendered was for that amount.

I. The petition was signed by G. B. Haddock and J. P. Flick, as attorneys for plaintiff. It is made to

1. COUNTIES: actions by: county attorney.

appear that neither of them was the county attorney of Taylor county, and that the county attorney was available, and had not refused to bring this action. It is also shown that Mr. Flick was employed by the board of supervisors of Taylor county to bring such action as he might deem advisable to recover money belonging to that county. Before answering, defendant filed a motion to dismiss the action, on the alleged grounds that the action was not brought nor authorized by the county attorney; that there is no petition signed by the county attorney

on file; and that the petition on file was not signed by anyone authorized to do so. The county attorney had entered an appearance for plaintiff, and filed a consent to the appearance of the attorneys named, before the motion to dismiss was filed. The motion was overruled, and the correctness of that ruling is presented for our determination.

Section 205 of the Code, prior to its repeal in the year 1886, provided that the district attorney should appear, for the several counties in his district, in all matters in which such counties might be parties, or interested; but it also provided that nothing therein contained should prevent the board of supervisors from employing other counsel, in any case properly belonging to the duties of the district attorney, when they deemed it necessary. While that section was in force it was held by this court that the board of supervisors might employ counsel whenever they deemed it expedient to prosecute or defend an action to which the county was a party. *Tatlock v. Louisa County*, 46 Iowa, 138; *Jordan v. Osceola County*, 59 Iowa, 389.

But it is said that chapter 73, Acts Twenty-first General Assembly, has so far changed the law as to require the appearance of the county attorney in all actions to which his county is a party. It is true that it makes it his duty to so appear, but in terms substantially like those used in section 205 of the Code, which it repealed. Attention is called to the last provision of section 4 of that chapter, which is as follows: "But nothing in this section shall be construed to prevent the board of supervisors from employing an attorney to assist the county attorney in any cause or proceeding in which the state or county is interested." There is nothing in that provision, however, which can be construed to take away the power of the board of supervisors, which had theretofore existed, to employ counsel for the county. There is nothing in chapter 73 which would prevent the bringing of an action in the name of the county unless the county attorney appeared

therein. The provision of section 5, in regard to the appointment of an attorney to act in case of the absence, sickness or disability of the county attorney and his deputies, was designed to prevent delays, and secure justice, in the prosecution of proceedings in court. We are of the opinion that the board of supervisors was authorized to employ counsel on behalf of the county by virtue of the general powers given them by statute to manage the affairs of the county, and that their right to do so, and to cause proceedings to be instituted in the name of the county, in cases of this kind, does not depend upon the consent of the county attorney, nor upon his willingness or ability to appear for the county. The motion to dismiss was properly overruled.

II. Appellant asked the court below to require plaintiff to elect the count of the petition upon which it would proceed, and to strike the other from the petition, but was denied. The counts were, in legal effect, much the same, and we fail to discover any good reason for both; but we do not think any prejudice could have resulted from permitting both to remain.

2. PLEADING: two counts: election.

III. Defendant filed an amendment to his answer, which alleged, in substance, as an additional defense, that plaintiff had no right to bring this suit, for the reason that its only remedy for the wrong complained of was on the bond of its late treasurer, King. A demurrer to the amendment was sustained, and of that ruling appellant complains. We think it was correct. The remedy upon the bond of the defaulting officer was not exclusive. It is shown in this case that judgment has been rendered against King, on account of the deficit in controversy, for more than thirty thousand dollars, and against his bondsmen for less than half that amount. There is no reason why the county should not be permitted to pursue its property in the hands of any one who has it wrongfully, or recover its value from any one who has wrongfully converted it to

3. COUNTIES: recovery of money obtained through treasurer: remedy.

his own use, in the same manner and to the same extent as it could if it were a private individual.

IV. Statements made by King on the occasions of his semi-annual settlements with the board of supervisors were introduced in evidence against the objections of defendant. They were made by King officially, as a part of the settlements which the law required to be made. Code, sec. 913. They were competent evidence as tending to show the amount of money for which King was liable at different times, and as tending to show, when considered with other evidence, the dealings between King and defendant which are claimed to have been carried on under the alleged conspiracy. It is true that some of the statements in question were made prior to the last satisfactory settlement had by King with the board of supervisors. But a conspiracy may be established by showing facts and circumstances which are sufficient to show that one existed. An express agreement need not be proven. *Miller v. Dayton,* 57 Iowa, 428; 4 Amer. & Eng. Cyclop. Law, 629. The evidence tended to show that the transaction between defendant and King involving money of plaintiff commenced when the latter entered upon the discharge of his duties as treasurer, and were continued until after the last settlement was made. Therefore, evidence which was of a nature to explain any part of these continuous transactions was proper for the jury to consider, to aid them in ascertaining their true character.

*4. ——: ——: conspiracy: evidence.*

V. The thirteenth paragraph of the charge to the jury is as follows: "If you find from the evidence, and all the facts and circumstances introduced in proof before you, that the defendant and P. C. King were engaged in a conspiracy, as defined in the foregoing instructions, then the declarations and statements made by P. C. King and admitted in evidence, may be taken into consideration by you, in connection with all the other facts and circumstances proved on the trial. But, if you

*5. CONSPIRACY: evidence: declarations of co-conspirator: instruction.*

find that there was no such conspiracy, then such declarations and statements will not be considered by you." It is well settled that the acts and declarations of one of several conspirators in pursuance of the original concerted plan, and with reference to the common object, are, in contemplation of law, the acts and declarations of them all, and may be shown in evidence against each of them. *Miller v. Dayton*, 57 Iowa, 428; 1 Greenl. Ev., sec. 111; 1 Phil. Ev. *205; 4 Amer. & Eng. Cyclop. Law, 631. Where the declarations " are not acts in themselves nor part of the *res gestæ*, but a mere relation or narrative of some part of the transaction, or as to the share which other persons have had in the execution of a common design," they are not within the rule stated. 1 Phil. Ev. *208. Declarations made after the common enterprise is at an end, whether by accomplishment or abandonment, or which are not in furtherance of its object, are not within the rule, and will be excluded excepting as against the one who made them. *Johnson v. Miller*, 63 Iowa, 533; *State v. Weaver*, 57 Iowa, 732; *State v. Westfall*, 49 Iowa, 332; *State v. Arnold*, 48 Iowa, 566; 1 Greenl. Ev., sec. 111; 4 Amer. & Eng. Cyclop. Law, 632. The paragraph of the charge quoted was erroneous. It instructed the jury, in effect, that if a conspiracy was proven then they might consider all declarations and statements made by King, and shown by the evidence as proof against defendant. The jury were not told to consider only such declarations and statements as were made while the conspiracy was being carried on and to aid in accomplishing its object. The effect of the instruction may have been prejudicial. Two witnesses testified that King had stated in their hearing, and in the absence of defendant, about the month of June, 1884, and at or after the time when King was attempting to make a settlement with the board of supervisors, and when it was known that there was a deficit, in substance and effect, that defendant had eighteen thousand dollars of the money which

belonged to the county, and, if he could get a settlement with defendant, he could make good the amount he owed the county. The evidence of King was offered by plaintiff in the form of a deposition. In it he stated that he deposited some of the county funds with the defendant, and that the amount was probably as much as five thousand dollars; also, that the amount of county funds deposited by him in the names of persons other than himself would vary from ten thousand to twenty thousand dollars. There was some evidence to the effect that King let other persons than defendant have county money. The only evidence which we have noticed, or to which our attention has been called, which would tend to fix the amount of money belonging to plaintiff which defendant had received as that named in the verdict, were the declarations of King already mentioned. Therefore, we are satisfied that the jury gave weight to them in agreeing upon their verdict. It is said that the jury necessarily found that a conspiracy had existed between defendant and King; hence, that the error in the instruction could not have been prejudicial. But the instruction, in effect, assumed that, if there was a conspiracy, all the declarations shown by the evidence were made while it was in progress. That was a matter for the jury to determine. It is claimed by appellant, with some apparent support in the record, that, if a conspiracy ever existed, it was at an end before the declarations of King to the two witnesses, to which we have referred, were made. The instruction, further, erroneously assumes, in effect, that all the declarations and statements shown were made in furtherance of the objects of the alleged conspiracy. Whether they were or not would, in most cases, be a question for the jury; but the statements made by King as to the amount of money defendant had were evidently not made to promote the object of the conspiracy alleged in the petition, and should have been excluded.

VI. Numerous other questions are presented by counsel for appellant,—among them some based on rulings in regard to the introduction of evidence. Some of the rulings were, we think, erroneous; especially those which permitted plaintiff to show transfers of property made long after the transactions in controversy were had. We do not think that evidence tended to sustain or defeat any issue in the case. Most of the questions presented, and not specially mentioned by us, are not of a character to be likely to arise on another trial. Other questions are determined by what we have already said, and need not be further considered.

For the errors stated the judgment of the district court is REVERSED.