STATE OF IOWA, Appellee, v. CARL MARTIN et al., Appellants.

**ADULTERY:** Conspiracy—Married and Unmarried Man With Unmar-
1 ried Female. A married man and an unmarried man may be guilty of a conspiracy to commit adultery with an unmarried woman.

**CONSPIRACY:** Joint Trial—Evidence—Separate Admissions of Guilt.
2 In a joint trial,—even for conspiracy,—evidence of conversations and admissions of guilt, subsequent to the commission of the offense, by one or both of the defendants, separately and in the absence of the other, is admissible on condition that the court clearly directs the jury that it must not consider the conversations and admissions of one accused as evidence against the other accused.

CRIMINAL LAW: Trial—Reopening Cause for Additional Testimony.
3   The court may, after the State has rested, reopen the cause for additional testimony.

CRIMINAL LAW:   Trial — Non-Grand-Jury Witness—Sufficiency of
4   Showing. Testimony of a non-grand-jury witness held properly received, under showing made.

CRIMINAL LAW:   Trial—Argument—Misconduct.   The discretion of
5   the court in ruling on alleged misconduct 'in argument will not ordinarily be overruled on appeal, in the face of a quite indefinite record as to what objections were sustained and overruled.

CRIMINAL LAW:   Trial—Instructions—Minimizing Testimony.   An
6·  instruction which, in one part, inferentially minimizes a party's testimony, is all-sufficient when such inference is wholly dissipated by other parts of the same instruction.

Headnote 1: 12 C. J. p. 576. Headnote 2: 16 C. J. p. 669. Headnote 3: 16 C. J. p. 870. Headnote 4: 16 C. J. p. 802. Headnote 5: 12 C. J. p. 632; 16 C. J. p. 887. Headnote 6: 16 C. J. p. 1016.

*Appeal from Van Buren District Court.*—D. M. ANDERSON, Judge.

OCTOBER 17, 1924.

REHEARING DENIED FEBRUARY 20, 1925.

THIS is a prosecution for conspiracy to commit a felony, viz., the crime of adultery. Upon pleas of not guilty, the defendants were jointly tried, and a verdict of guilty returned and judgment rendered thereon. The defendants have appealed.—*Affirmed.*

*H. B. Sloan* and *J. C. Calhoun*, for appellants.

*Ben J. Gibson*, Attorney-general, *Maxwell A. O'Brien* and *S. S. Faville*, Assistant Attorney-generals, and *Emily L. Newbold*, County Attorney, for appellee.

EVANS, J.—I. The prosecutrix is Ada Winters, an unmarried woman. The defendant Martin was a married man at the time of the acts complained of. The defendant Fry was not mar-

1. ADULTERY: conspiracy; married and unmarried man with unmarried female.

ried. The evidence introduced by the State was sufficient to establish the conspiracy, unless it be true, as contended by the defendants, that it was legally impossible for these defendants to commit the crime charged, because the defendant Fry was unmarried. The prosecution is, had under Section 5059, Code of 1897. Under this statute, we have held that two or more persons may be found guilty of conspiracy to commit adultery (*State v. Clemenson,* 123 Iowa 524) ; likewise, a conspiracy to commit lewdness (*State v. Mitchell,* 149 Iowa 362). It is true that Fry, being an unmarried man, could not be guilty of adultery with an unmarried woman. It does not follow that he could not be guilty of conspiracy to have and to aid his codefendant to commit such crime. If he entered into any common design with Martin whereby Martin, should commit such crime, we see no reason for saying that one is not as guilty of conspiracy as the other, even though only one be guilty of the overt act charged as the purpose of the conspiracy. Though the evidence in this case discloses that both of these defendants were guilty of actual illicit relations with the prosecutrix, yet such acts of themselves were not essential as proof of the conspiracy, even though they constituted evidence tending to prove the conspiracy. The conspiracy as such was complete even before the actual commission of the overt act. We think, therefore, that the point here urged by appellants is not well taken.

II. Evidence was introduced by the State of conversations and admissions made by each of the defendants separately and in the absence of the other. The admissions thus offered in evidence were, in substance, admissions of guilt,

2. CONSPIRACY: joint trial: evidence: separate admissions of guilt.

and the admissions of each were substantially alike. Each of them objected to receiving in evidence the admissions of the other. Each of them objected on the ground that neither was bound by the admissions of the other. In *State v. Phillips,* 118 Iowa 660, we held such evidence to be clearly admissible in a case where two or more defendants were tried jointly on a charge of murder. We held such evidence to be admissible, under proper instructions. By this qualification, it was meant that the court should limit the application of the evidence strictly to the party who

made such admission. This was done in the present case. Does the fact that the charge in this case is a conspiracy, which crime cannot be committed at all except by two or more persons, prevent the application of the rule pronounced in the *Phillips* case? It is argued by appellants that one defendant could not be found guilty without finding the other guilty also, and that the acquittal of one would necessarily acquit the other. That the receiving of evidence, though admissible against one defendant as tending to show the guilt of such defendant, might operate in the minds of the jury against the other defendant, is doubtless true. It remains the duty of the jury, nevertheless, to follow the instructions of the court, and to refuse to give any weight to such evidence as against the other defendant. Even though one defendant should formally confess his guilt of the conspiracy, it would not sustain a verdict of guilty, without proper proof beyond a reasonable doubt of the guilt of the other. If, in such a case, one defendant should confess, and the other should defend, the burden upon the State is rendered no less, as against the contesting defendant. The instructions of the trial court on this question appear to have been guarded, and the jury was instructed that only his own admissions, if any, subsequent to the event could be considered against either defendant. If the jury had found that there was not sufficient evidence as against one defendant, though it was sufficient as against the other, this would have required a verdict of not guilty as to both. This is the distinction between the trial of a conspiracy case and the trial jointly of two defendants charged jointly with murder. In the latter case, one could be guilty, and the other not guilty; whereas, in the case of a conspiracy, if one were not guilty, both must be deemed so. The real complaint of the defendants is that the mind of the ordinary juryman is not capable of preserving this distinction, and that the admissions of one defendant might convince them of the guilt of the other.

Inasmuch as the burden is upon the State to prove the guilt of each, we see no reason for withholding from the State the benefit of the ordinary rules of evidence, as applied to each one.

It is argued by the defendants that, if three or more defendants were on trial for an alleged conspiracy, the rule in question

could be more appropriately applied; because, in such a case, any two of the defendants might be guilty, even though the third one were not. But even this would not lessen the supposed prejudice that two defendants might suffer from the effect of admissions made by the third defendant. This is one of the unavoidable incidents of a joint trial of more than one defendant. But though the burden is upon the State to prove that each defendant was guilty of participation in this alleged conspiracy, it is not required to confine itself to evidence admissible against both. The guilt of *one* and each one may be established by evidence legally admissible against him. Such has always been the purport of our holdings. It has never been sufficiently challenged in our reported cases to invite many decisions thereon. See, however, *Taylor County v. Standley,* 79 Iowa 666, 672; *Hanson v. Kline,* 136 Iowa 108; *State v. Arnold,* 48 Iowa 566; *Sparf v. United States,* 156 U. S. 51.

III. It appears from the record that, after the State had rested, and after the defendants had moved for a directed verdict, and while such motion was under consideration, the State asked to reopen the case, to introduce further evidence, and its request was granted. Complaint is made of this action by the court as being an abuse of discretion. We think the action of the court was clearly within its discretion. The point to which evidence was adduced was as to the knowledge of defendant Fry that his codefendant was a married man. . The prosecutrix, being recalled, was permitted to testify as to what she had said to Martin about his wife and baby, in the presence of Fry. This testimony was a repetition of what she had previously testified to, before the evidence was closed. We infer from the record that it was contended, on the argument of the motion to direct verdict, that there was no evidence of Fry's knowledge that Martin was a married man; and the trial court seemed to be of such impression. Permitting the prosecutrix to be recalled was a proper exercise of the court's discretion. *Peterson v. Phillips Coal Co.,* 175 Iowa 223.

IV. Complaint is made because the witness Moore, who was not before the grand jury, was permitted to testify. This witness was not discovered by the county attorney until two days

3. CRIMINAL LAW:
trial: reopen-
ing cause for
additional tes-
timony.

before the beginning of the trial. She made an
immediate showing to the court, supported by
her affidavit, and served the same upon the de-
fendant Martin. The trial court found the
showing sufficient, and permitted the witness to testify. The
defendant Fry makes special objection to this testimony be-
cause no notice was served on him. Moore testified solely to
certain alleged admissions after the event, made to him by Mar-
tin. The testimony was offered as against Martin alone, and
the jury was instructed not to consider the same as against
Fry. We think the statute was sufficiently complied with.

4. CRIMINAL LAW: trial: non-grand-jury wit-ness: sufficiency of showing.

V. Complaint is made of the conduct of the county attorney
in the closing argument to the jury. The record is in a very con-
fused state as to just what occurred. Counsel for the defendants
made many objections to statements made by the
prosecuting attorney. Many of these were well
taken, and were sustained by the trial court.
Other objections were overruled. This controversy in argument
was peculiarly within the control and discretion of the trial
court. Some things said by the county attorney do not com-
mand our approval. The record is broken, and suggestive of
the tumultuous, and does not definitely disclose just what was
ruled out and what was permitted to stand. In any event, we
see no fair ground for our interference with the discretion ex-
ercised by the court or with the admonitions which he gave to
the jury. All these latter were in support of the defendants'
objections.

5. CRIMINAL LAW: trial: argu-ment: miscon-duct.

VI. Defendants complain of a portion of Instruction XI.
We quote therefrom:

"A witness may be impeached by showing his general moral
character in the community where he resided is bad. An effort
has so been made to impeach the prosecutrix as a witness. If
you find that she has been successfully impeached, then you
may disregard her testimony," etc.

Criticism is directed to the use of the word "effort." The
argument is that its use tends to minimize the impeaching evi-
dence offered by the defendants. The use of the word is not to

6. CRIMINAL LAW: trial: instructions: minimizing testimony. be commended. It might be deemed to carry an innuendo. But such innuendo was completely negatived by the sentence following, which, in our judgment, meets fairly the criticism made.

Other minor errors are set forth. What we have already said is determinative of them all.

We find no prejudicial error. The judgment below is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and STEVENS, JJ., concur.