STATE OF IOWA, appellee, v. THOMAS LOCKHART, appellant.

## No. 47440.

(Reported in 39 N W.2d 636)

636

L. M. Hullinger and Edward J. Dahms, both of Cedar Rapids, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Wm. W. Crissman, County Attorney, for appellee.

OLIVER, J.— In September 1948, defendant and five others were indicted on the charge they conspired with the malicious intent wrongfully to injure the persons and property of other named persons. December 10, 1948, defendant appeared in person and by counsel, withdrew his former plea and pleaded guilty as charged. Judgment of imprisonment was rendered. Thereupon on motion of the State the indictment was dismissed as to four of the other defendants. January 3, 1949, upon motion of the State the indictment was dismissed as to the fifth codefendant. January 3, 1949, defendant appealed. He contends the dismissal of the indictments against all his alleged coconspirators entitles him to have the judgment against him reversed and set aside because defendant "cannot alone be guilty of the crime of conspiracy, or cannot conspire with himself under the law."

In State v. Keul, 233 Iowa 852, 862, 863, 5 N.W.2d 849, we held a defendant may be convicted of conspiracy notwithstanding the dismissal of the indictment (not under circumstances amounting to acquittal) as against all others with whom he was charged with conspiring.

Defendant argues the Keul case may be distinguished because Keul was found guilty upon trial to a jury. We disagree. In United States v. Fox, 3 Cir., Pa., 130 F.2d 56, 58, 59, certiorari denied Fox v. United States, 317 U. S. 666, 63 S. Ct. 74, 87 L. Ed. 535, the court disposed of a like proposition, stating:

"* * * that is a distinction without a difference. The Supreme Court has said: 'A plea of guilty * * * is itself a conviction. Like a verdict of a jury it is conclusive. * * * the court has nothing to do but give judgment and sentence.' We have, therefore, this situation: defendant by his own plea has said that he is guilty. The prosecution, after two trials, has entered a nolle prosequi against appellant's fellow defendants. Neither their guilt nor innocence has been determined through this litigation. We see nothing in this situation which makes the conviction of the defendant incongruous or inconsistent either as a matter of law or a matter of fact."

Defendant contends also the Keul case should be overruled as unsound and against the weight of authority. He places much reliance upon Morrison v. People of State of California, 291 U. S. 82, 54 S. Ct. 281, 78 L. Ed. 664. That decision and almost all of the others cited by defendant merely enunciate the frequently stated rule that upon an indictment for conspiracy against two only, where no others are named, an acquittal or reversal as to one is an acquittal or reversal as to the other. See State v. Davis, 230 Iowa 309, 314, 297 N.W. 274; State v. Martin, 199 Iowa 643, 646, 200 N.W. 213; Gebardi v. United States, 287 U. S. 112, 53 S. Ct. 35, 77 L. Ed. 206, 84 A. L. R. 370; People v. Kuland, 266 N. Y. 1, 193 N.E. 439, 97 A. L. R. 1311. The Keul case did not overlook that rule but held it inapplicable where there was merely a dismissal (not equivalent to an acquittal) of the other defendants. As stated in Farnsworth v. Zerbst, warden, 5 Cir., Ga., 98 F.2d 541, 544:

"The rule that the acquittal of all save one of alleged conspirators results in the acquittal of all applies to acquittals on the merits. The reason of it is that such judgments prove that there was in fact no criminal agreement among two or more persons."

A well considered recent decision in Platt v. State, 143 Neb. 131, 142, 8 N.W.2d 849, 855, holds the rule that the acquittal of one of two charged with conspiracy operates as a discharge of the other applies only where they are tried together, and where they are tried separately and one is convicted the subsequent acquittal of the other does not create a repugnancy upon the

638

record so as to affect the conviction. The reasoning is that the verdict convicting one "concludes also the guilt of the other for the purposes of that trial * * *. The guilt of the codefendant was found as against the convicted defendant. This element of the crime having been established as against the convicted defendant, the crime was complete and the conviction final as to him, irrespective of what some other jury on different evidence might decide."

In support of its holding the Keul case cites Bradshaw v. Territory of Washington, 3 Wash. Terr. 265, 14 P. 594; Berry v. State, 202 Ind. 294, 165 N.E. 61, 173 N.E. 705, 72 A. L. R. 1177; Rutland v. Commonwealth, 160 Ky. 77, 169 S.W. 584; State v. Lloyd, 152 Wis. 24, 139 N.W. 514, Ann. Cas. 1914C 415. There are like holdings in United States v. Fox, 3 Cir., Pa., 130 F.2d 56, supra; Farnsworth v. Zerbst, 5 Cir., Ga., 98 F.2d 541, supra; and People v. Gilbert, 26 Cal. App.2d 1, 78 P.2d 770, 783. It appears they represent the modern majority rule. In any event, the reasoning of the few decisions to the contrary does not persuade us the Keul case should be overruled. Hence we hold the dismissal of the conspiracy indictments as to all the other defendants did not affect the judgment against the defendant.—Affirmed.

All JUSTICES concur.