STATE of Maine

v.

George H. BREAU.

Supreme Judicial Court of Maine.

Sept. 22, 1966.

Severin M. Beliveau, County Atty., South Paris, for appellant.

David F. Aldrich, South Paris, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

RUDMAN, Justice.

On Appeal. The appellant, George H. Breau, was jointly indicted with Donald R. Kennedy and Raymond Radcliff and accused of the crime of conspiracy to injure the property of Fletcher's TV Service, Inc. The State in presenting its case offered in evidence the signed confessions of Donald R. Kennedy and Raymond Radcliff. The confessions were admitted for the sole purpose of evidence of a conspiracy. To the admission of the confessions the exceptions of George H. Breau, and his co-conspirators, were noted.

At the close of the State's case the respondents, Donald R. Kennedy and Raymond Radcliff, moved for a directed verdict of acquittal on the ground that they had not been advised of their constitutional rights prior to making and signing their confessions and without being advised that the statements could be used against them in the event of trial on any indictment which might be returned against them. The motion was granted and the jury was instructed to return a verdict of acquittal as to Donald R. Kennedy and Raymond Radcliff. The motion of the appellant, George H. Breau, for a directed verdict of acquittal was denied. To the denial of this motion no exceptions were noted by the respondent. The case was given to the jury and a guilty verdict returned.

The controlling question before this court is:

When three persons specifically named and no others, known or unknown, are alleged in an indictment to have conspired, and two are acquitted, can a verdict of guilty against the remaining third respondent stand?

In the instant case, the indictment charged "that George H. Breau of Roxbury in the County of Oxford and State of Maine, and Donald R. Kennedy and Raymond Radcliff, both of Mexico in said County of Oxford * * * did conspire and agree together * * * to injure the business and property of Fletcher's TV Service, Inc." The indictment does not contain the catch-all allegation that the defendants were also involved with other persons, the names of which are to the grand jurors unknown. Neither does the evidence disclose any other person who could take the place of Donald R. Kennedy or Raymond Radcliff and supply the necessary party to the conspiracy.

■ It is the general rule that a conspiracy cannot be committed by a single individual acting alone; he must act in concert with at least one other person, and where all but one of the charged conspirators are acquitted the verdict against one cannot stand, otherwise it would result in a repugnancy upon the record. 14 Am.Jur. Criminal Law, § 303, page 970; Wharton's Criminal Law, 12th Ed., Vol. 2, § 1657, page 1865; Van Tress v. United States, 292 F. 513, 521 (CCA 6th); Bartkus v. United States, 21 F.2d 425, 428 (CCA 7th); Cofer v. United States, 37 F.2d 677, 680 (CCA 5th); Turinetti v. United States, 2 F.2d 15, 17 (CCA 8th); Harms v. United States, 272 F.2d 478, 483 (CCA 4th); Bradshaw v. Territory, 3 Wash.T. 265, 14 P. 594, 595; People v. Sagehorn, 140 Cal. App.2d 138, 294 P.2d 1062, 1068; People v. Regan, 351 Ill.App. 550, 115 N.E.2d 817, 820; People v. Chaplin, 8 A.D.2d 286, 187 N.Y.S.2d 730, 736. See 91 A.L.R.2d, page 705, § 3 and cases cited.

In view of this opinion, it becomes unnecessary for us to pass upon any of the other issues.

In this case the respondent is here on a motion for a new trial. The named co-conspirators in the indictment have been acquitted. Under these circumstances it would in our opinion be illogical to order a new trial. He could not conspire with himself.

The entry will be:

Appeal sustained.

Verdict set aside.

Case remanded to the Superior Court for further proceedings consistent with this opinion.