## THE STATE OF IOWA *v.* McCLINTOCK.

An indictment which distinctly charges an assault and battery only, is good, although it charges the act as being done riotously, and in a violent and tumultuous manner; and such an indictment does not charge an unlawful assembly and riot; nor does it unite two distinct offenses.

It is not a valid objection to the admission of a witness in a criminal case, on the part of the state, that his name is not indorsed on the indictment.

Where several persons are jointly indicted for a joint trespass on two other persons, it is error to instruct the jury, that if the defendants struck one of the persons charged to have been assaulted, they are guilty of assault and battery, unless they struck in self-defense.

All who instigate and promote the commission of an unlawful act, are equally guilty with those who commit the act itself; and a person aiding and abetting the commission of an assault and battery, is as guilty as the others, although he did not strike himself.

Where two or more persons are indicted for an assault on two persons, they cannot be convicted of the joint offense, unless the jury find that the assault and battery was committed upon both the persons named in the indictment.

The charge of an assault upon two persons is, in legal contemplation, so far different from a charge of assault upon one of them, that proof of the commission of the act in regard to one, does not sustain the indictment.

Where several persons are charged with a joint assault and battery on two persons, either of the defendants may be convicted for his own separate assault on the persons named in the indictment.

Under an indictment charging several defendants with a joint assault and battery on two different persons, neither of the defendants can be convicted for an individual and separate assault and battery on one of the persons charged in the indictment to have been assaulted.

*Appeal from the Henry District Court.*

SATURDAY, APRIL 9.

THE defendants were indicted jointly with Alexander McClintock, and Alexander McClintock, junior, for an assault and battery upon Reily Lloyd and Abraham Haynes. The indictment charged that the defendants, at, &c., on, &c., with force and arms, did unlawfully, routously, and in a violent and tumultuous manner, and to the disturbance

of others, in and upon one Reily Lloyd, and one Abraham Haynes, then and there being, make and assault, and them, the said Reily Lloyd and Abraham Haynes, then and there, unlawfully, riotously and routously, and in a violent and tumultuous manner, and to the disturbance of others, did beat, wound, and ill-treat, contrary, &c. All of the defendants filed a joint plea of "not guilty," together with one of a former conviction. Afterward, they obtained leave to withdraw their "plea of not guilty," and filed a demurrer, which was overruled, upon which they again filed the plea of not guilty, and upon motion, the court severed Alexander McClintock, senior and junior, and granted them a separate trial. After this, the record entitles the case as against Robert and Mitchell McClintock, and H. H. Cohee. There was a trial and verdict, and judgment against the defendants. The other material facts will fully appear from the opinion of the court.

*Palmer & McFarland,* for the appellants.

*S. A. Rice,* Att'y General, for the State.

WOODWARD, J.—I. The first and second errors assigned are, that the instructions of the court are inapplicable to the issue generally; and specifically, that while they relate to a trial for assault and battery, the indictment charges an unlawful assembly and riot. In the defendant's demurrer, they had urged that the indictment united two offenses; or, that it was a charge of riot, or for assembling to do an unlawful act, or a lawful act in an unlawful, violent or tumultuous manner, under the Code, (sections 2739, 2740, or 2797); and objected to its sufficiency as a charge for either of those offenses. The same objection is now made in another form.

It is unnecessary to elaborate upon this objection. Although the indictment charges the act as being done riotously, routously, and in a violent and tumultuous manner,

still it distinctly charges an assault and battery only, with force and arms. It is wanting in the terms and descriptions necessary to constitute and distinguish a charge of one of the other offenses above mentioned. The instructions given by the court, relate exclusively to an assault and battery, and are, therefore, applicable, so far as this objection is concerned.

II. The third assignment of error, is to the admission of one Haynes as a witness on the part of the state, his name not being indorsed on the indictment. This case was pending before the Act of 22d of March, 1858, (Acts of 1858, 211), and it has been held by this court, that this is not a valid objection to the admission of a witness. The cases of *Ray* v. *The State*, 1 G. Greene, 316, and *Harriman* v. *The State*, 2 G. Greene, 272, were decided under different provisions of law in reference to indictments, and are not considered as governing those of the Code. *The State* v. *Abrahams*, 6 Iowa, 117.

III. The fifth assignment is to the giving the first, third, and fourth instructions asked by the prosecutor. The first was, that if the defendants, Robert McClintock and Cohee, struck Haynes, they were guilty of assault and battery, unless they struck in self-defense. So far as this carries the idea that a separate assault upon one of the persons, will justify a conviction, it is erroneous. This subject is embraced in a subsequent instruction, and will be referred to again.

The third instruction was, that if the defendants assaulted and struck only one of the persons named, that is Haynes or Lloyd, they are guilty. And the fourth was, that if Cohee was present, " aiding and abetting " the other defendants, who actually did commit the assault upon one of the persons named, he is guilty with the others, although he did not actually strike, himself. It is a familiar rule in regard to trespass, that all who instigate and promote the act, are equally trespassers with those who do it, and are guilty ; and, therefore, the fourth instruction is not

subject to objection. The third will be considered together with those made by the defendants.

IV. The fifth error assigned, is upon the refusal to give certain instructions requested by the defendants. The first is to the effect, that they could not be convicted, unless the jury found that the assault and battery was committed upon both Lloyd and Haynes, as charged in the indictment. This was refused; and the converse of the proposition was given, at the request of the prosecutor. In this, we think, the court erred. The instruction should have been given in substance, as asked by the defendants. In a subsequent indictment for an assault and battery upon one of the persons named, the defendants would not be able to give in evidence, under a plea of former conviction or acquittal, the judgment under this indictment.

The defendants further requested the court to instuct the jury: *Third.* That "under this indictment, neither of the defendants can be convicted for an individual and separate assault and battery upon Lloyd alone, or Haynes alone, at different times." And also, *Fifth.* "That neither of the defendants can be convicted for an assault and battery under this indictment, if the proof goes no farther than to show a separate assault by Mitchell McClintock upon Haynes, and another upon Lloyd, and a separate assault by Robert McClintock on Haynes." And, *Sixth.* "That the defendants cannot be convicted under this indictment, for an assault upon Haynes alone, or Lloyd alone."

These instructions were refused by the court. So far as the court held, that either of the defendants might be convicted for his own separate assault on the persons named, they were right; for it is a general rule, that when two are supposed to be jointly guilty of an offense, they may be indicted jointly or severally, and in either case, one may be found guilty. 1 Whart. Cr. Law, 693 ; *Caldwell* v. *Commonwealth,* 7 Dana, 229 ; *Calico* v. *The State,* 4 Pike, 430. But so far as the court held that an assault on one of the persons named, was sufficient to convict; and refused to

instruct that the defendants could not be convicted for a sep-. arate assault on one of them, it was erroneous. The charge of an assault upon two is, in legal sense, so far different from a charge of an assault upon one of them, that proof of the commission of the act in regard to one, does not sustain the indictment. It might, at first thought, seem that the same remark would apply to the charge against the defendants as actors in the offense, but a difference exists, based upon reasons which time does not permit us to point out.

It is clearly established, and daily practiced, that one may be convicted, though several are charged. Even when all are convicted, the punishment is several, and this must, from the nature of the case, be so. It is so when the punishment is a fine only. See the cases cited above. On the other hand, if the proof of an assault upon one of the persons named, would justify a verdict of guilty, it would seem to follow that a judgment of conviction or acquittal, under a charge for the one offense, might be pleaded under a charge for the the other, because the two offenses would not be distinguishable, evidence of the one being given under a charge of the other.

One or two other points were made, which it will be unnecessary to consider, since, for the foregoing errors, the judgment must be reversed.