STATE v. BUCKLEY.

1. **Larceny of Bank Bills:** VERDICT: EVIDENCE TO SUPPORT. The evidence in this case being considered, it was *held* sufficient to support the verdict of "guilty" of the larceny of bank bills.

2. ———: EVIDENCE OF IDENTITY. Where the stolen bills had no particular marks of identification, but their general appearance, manner of folding and denomination were the same as in those found on the person of the defendant, this was sufficient to cast upon him the burden of accounting for the possession of the bills.

*Appeal from Story District Court.*

THURSDAY, MARCH 22.

INDICTMENT for larceny, trial by jury, verdict guilty, and judgment. The defendant appeals.

*S. F. Balliet* and *C. H. Balliet*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—The only ground upon which a reversal of the judgment is asked, which is urged by counsel, is that the verdict is not sustained by the evidence. The property claimed to have been stolen consisted largely of bills issued by the United States or national banks, of the denomination of twenty and ten dollars.

The evidence tended to show quite clearly that the defendant had knowledge that the prosecuting witness had the money in a pocket-book which was in a pocket in his vest. The evidence also quite clearly tended to show that the defendant had the opportunity to commit the larceny.

When arrested and searched, about forty dollars in money was found on his person, and he said that it was all the money he had. Upon a further search, however, a much larger amount of money was found in an artificial leg worn by defendant.

The whole amount of money found on defendant's person

was some forty or fifty dollars more than the amount stolen from, or lost by, the prosecuting witness.

The denomination of the bills and their general appearance corresponded with those lost by the prosecuting witness. The latter in his evidence identified one of the bills by a corner that was torn off; but his evidence as to which corner was torn off is not entirely satisfactory.

There was evidence tending to show that the defendant was in the habit of carrying money in his artificial leg, and that a short time prior to the larceny he had $167 belonging to his wife, and also that he had a roll of bills a few days before the larceny.

There is other evidence which, to a degree, tends to strengthen the evidence for the State, and also that of the defendant.

From a careful reading of the evidence we are impressed that, if the jury believed the witnesses for the State, the verdict is right, and that they did so must be conceded.

We are unable to say that the verdict is not sustained by the evidence, because we see no reason to doubt the evidence introduced by the State. This being so, we, as an original question, would find as the jury did.

The evidence introduced by the defendant may all be conceded to be true, and yet he may be guilty.

The point mostly relied on is that the prosecuting witness did not sufficiently identify the bills found on the person of 2. ——: evi- the defendant as being the same as those stolen. dence of identity. But we think the evidence in this respect sufficient. It may be said there were no particular marks of identification; but the general appearance, maner of folding and denomination of the bills were the same.

Ordinarily, this is about the only way bank bills can be identified, and it must be regarded as sufficient to cast on the defendant the burden of accounting for the possession of the bills found on his person. This, in our opinion, he failed to do.

AFFIRMED.