STATE OF IOWA, Appellee, v. G. H. PRIEBE, Appellant.

**CONSPIRACY:** Declarations of Coconspirators—Prima-Facie Showing. Prima-facie proof of conspiracy is essential before the declarations of coconspirators in furtherance of the conspiracy may be considered by the jury; and the better practice is to require this prima-facie showing prior to the receiving of the declarations. Evidence reviewed, and held ample to show such conspiracy.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

TRIAL on an indictment charging the defendant Priebe, with others, of the crime of cheating by false pretense. He entered a plea of not guilty, and on trial of the issues, was found guilty. Judgment in conformity to law was entered upon the verdict.— *Affirmed.*

*Yeaman & Yeaman,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *O. T. Naglestad,* County Attorney, and *O. D. Nickle,* Assistant County Attorney, for appellee.

DE GRAFF, J.—The defendant G. H. Priebe, under several aliases, was jointly indicted with John Doe and Richard Roe for the crime of cheating by false pretense. Doe and Roe were not apprehended, and their identity is not disclosed by the record. It is charged that the defendants, with intent to defraud the McDonald Transfer & Storage Company of its money and property, did designedly, falsely, and fraudulently represent that the said defendants were representatives of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, and that, as such representatives,

they were publishing a Railway, Freight, and Express Reference Guide Book; that these representations were false and untrue, and that the defendants were not then and there publishing and had no intention of publishing the Guide Book aforesaid; that the said McDonald Transfer & Storage Company, relying on said false and fraudulent representations and believing them to be true, were thereby induced and did make payment in a certain sum for advertising space in said Guide Book.

The primary proposition advanced by the appellant, and upon which reversible error is predicated, has to do with the rulings of the trial court in the admission of certain evidence tending to establish that the defendant was a party to a conspiracy to put over a fraudulent scheme to obtain money and property, as alleged in the indictment. At the outset it may be said that no evidence was offered that the defendant himself made any false pretense or representation in consummating the fraud upon which the indictment is based, or that any express authority to do the act charged was given by the defendant to those who it is shown made the false pretenses. No presumption of authority to commit a crime arises from the relationship of agency which the principal is called upon to rebut. The presumption of innocence is entitled to more weight than any presumption of authority from the mere fact of agency. Clark & Marshall on Law of Crimes (2d Ed.) 267.

The question is: Did the court err in holding that the State established a prima-facie case of conspiracy as a basis for the admission of the declarations and statements of the agents of the defendant? These declarations constitute the gist of this case; and, if the challenge to their competency is well taken, under the record before us, the verdict cannot be sustained. Under the instant facts, it is essential to establish a conspiracy, to connect the defendant with the substantive charge in the indictment. The judgment can be affirmed only on the theory of a conspiracy, which involves a concert of action between the defendant and his agents. In other words, if it may be said that no conspiracy is shown independently of the statements made by the agents of the defendant, it is clear that the latter could not bind the defendant by what they said in

his absence, and without proof of authority to make said statements or declarations. Ordinarily there should be prima-facie proof of the existence of a conspiracy before evidence of any acts or declarations by a coconspirator is received. This involved a showing of concert of action to put over a fraudulent scheme. The order in which evidence shall be introduced rests in the sound discretion of the trial court. *State v. Walker*, 124 Iowa 414. The better practice, however, is to require a prima-facie showing of conspiracy before receiving such evidence. *State v. Gilmore*, 151 Iowa 618. The fact of conspiracy may be established by circumstantial evidence. It is sufficient if there is proof of concert of action. This is true in the administration of both civil and criminal law. *Hanson v. Kline*, 136 Iowa 101; *State v. Arthur*, 135 Iowa 48. In the determination of this appeal, the decision necessarily rests on the fact side. There can be and is no quarrel with the legal principle to be applied.

What do the facts disclose? The defendant came to the city of Sioux City in February, 1923, to solicit subscriptions for advertising from the business men of that city, in order to publish a railway, freight, and express guide, showing rates between Sioux City and various railway points. He advertised in the local papers for solicitors to sell the advertising space in the reference guide, and in that advertisement specifically requested former express employees to reply. He did hire on a commission basis several men, two of whom were jointly indicted with the defendant under the historic cognomen of John Doe and Richard Roe. The defendant himself was under an assumed name. The solicitor who sold space to the prosecuting witness presented credentials in the form of typewritten letters signed ''O. R. Thomas, Secretary and Treasurer,'' who in fact was the defendant Priebe. These solicitors sold advertising to various business houses in Sioux City, and received checks payable to the defendant under the name of O. R. Thomas. These checks were cashed by the defendant, and in some cases indorsed to the solicitor in payment of services. The defendant attempted to secure the approval of the Brotherhood of Railway, Express, and Station Employees of Sioux City, but in this he failed, and his application for authority to represent the Brotherhood in

this enterprise was expressly and officially denied. The defendant Priebe ordered and had printed a cover for a certain prospectus by a printing concern in Sioux City, and it is passing strange that the defendant should take the pains to have printed on the cover an express negation of the fact that the Brotherhood had given its authority for the printing of the reference guide. This is shown on one exhibit introduced in evidence, by the line: "Not published by the Brotherhood." The solicitors must have known this, as the evidence of the fact was in their hands. It is proof of their fraudulent intent in the statements made by them. The defendant, by taking a false name and giving letters to his solicitors under such name, indicates that he did not have an honest purpose. It is further shown that, at the time the defendant made arrangements for the printing of the prospectus, there were no arrangements made for printing the entire book, although it was stated by him that the book was to be submitted to the printer when the copy was compiled, to secure an estimate. It was never submitted, and the reference guide was never printed. In fact the printer never saw the defendant after the prospectus was delivered, although about five months elapsed from the beginning of this venture to the time of the arrest of the defendant. The defendant stated to the sheriff that the reason he did not solicit the advertising was because "all of his time was taken up in figuring out these rates." It is conclusively shown that the solicitors engaged by the defendant falsely represented that the Brotherhood authorized the publication of the guide book, and that the members of the Brotherhood would receive a substantial part of the proceeds from the advertising. The evidence clearly establishes the intent to defraud, and we are convinced that the trial court correctly held that a prima-facie case of conspiracy to put over a fraudulent scheme was established. The advertising space was sold under a false pretense, and the evidence further justified the jury in finding that the defendant never intended to print or publish the guide book in question. It was a fraudulent scheme. The defendant took the initial steps. He directly appointed the solicitors, gave them the necessary credentials, and directed their movements. He had the checks made payable to

him.  He did not print the book, nor take any steps to do so. He was the originator of the fraud charged,—in fact, the Alpha and Omega of the scheme.

The instructions given by the court embody a correct exposition of the law of conspiracy, and it is unnecessary to comment thereon.  The primary question involves the ruling of the court on the objections to the evidence of the declarations and statements of the associates of this defendant.  To this we have made answer.  The evidence sustains the verdict of the jury, and the judgment must be and is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.