STATE OF IOWA, Appellee, v. M. W. PADEN, Appellant.

CONSPIRACY: Evidence—Overt Acts—Prejudicial Admission. The reception in evidence of overt acts, before the State has made a prima-facie showing of conspiracy, may constitute such error as will not be cured by the subsequent withdrawal of the testimony and the admonition of the court to disregard it. So held as to overt acts of a very damaging and prejudicial nature, for which the accused was not shown to be responsible.

Headnote 1: 17 C. J. p. 326.

*Appeal from Shelby District Court.*—TOM C. WHITMORE, Judge.

FEBRUARY 10, 1925.

DEFENDANT was tried and convicted for the crime of conspiracy. From the judgment entered, he appeals.—*Reversed.*

*Anson H. Bigelow, John P. Tinley,* and *John D. Denison,* for appellant.

*Ben J. Gibson,* Attorney-general, *Frank E. Northrop,* County Attorney Pottawattamie County, *Verne Byers,* County Attorney Shelby County, and *Charles E. Swanson,* Special Prosecutor, for appellee.

DE GRAFF, J.—The defendant, M. W. Paden, was jointly indicted with A. R. Drake and John F. Smith by the grand jury of Pottawattamie County, Iowa, for the crime of conspiracy. On motion of the defendant Paden, a change of venue was granted to Shelby County, and he elected to be tried separately. For the purposes of this opinion, the allegations of the charge constitute a sufficient statement of the facts. The indictment alleges that, on or about the 29th day of August, 1922, the defendants did willfully, unlawfully, and feloniously conspire and confederate together, with the willful, unlawful, and malicious intent and purpose wrongfully to injure the business, property, and rights in property of Harding, Cohn & Smead, a copartnership, as owners of the Liberty Theater in Council Bluffs, Iowa, and to do certain illegal acts injurious to the public health, morals, and police, and to the administration of public justice, by then and there mutually conspiring and agreeing to cause and suffer a public nuisance at, in, and about the Liberty Theater building at 547 West Broadway in Council Bluffs. The indictment further alleges a specific overt act on the part of the said defendants, in that they did willfully, unlawfully, and maliciously throw certain noisome substances, chemicals, and fluids, omitting foul, offensive, and sickening odors, smells, and gases, dangerous and injurious to the public health and comfort and to said property, upon the doors, floor, walls, and lobby of

said theater building, thereby causing a public nuisance, as aforesaid, and maliciously injuring said theater building.

The accusation was the outgrowth of an industrial controversy between the managers and the movie operators of certain theaters in Council Bluffs, Iowa. No question arises on the sufficiency of the indictment, and it will be observed that the conspiracy charged requires an overt act to be alleged. Section 13755, Code of 1924.

An indictment for public nuisance must allege specific facts and circumstances (*State v. Decker & Sons*, 197 Iowa 41), and the same rule prevails in charging a conspiracy "to cause and suffer a public nuisance." The statute further provides:

"Upon a trial for conspiracy, a defendant cannot be convicted unless one or more overt acts alleged in the indictment are proved, when required by law to constitute the offense, but other overt acts not alleged in the indictment may be given in evidence." Section 13902, Code of 1924.

However, the overt act to which reference is made in the indictment is not here involved, nor is the sufficiency of the evidence in proof thereof. The State offered evidence of several overt acts not charged in the indictment, and appellant's primary error gravitates around this evidence. Did the court err in admitting evidence relative to certain overt acts without first requiring the State to establish a prima-facie case of conspiracy? Was the error, if any, cured by striking said evidence from the record, with the admonition by the court to the jury not to consider same?

A conspiracy involves concert of action, and the gist of the crime is the unlawful agreement with intent to do the thing charged in the indictment. Proof of the overt act charged, is not sufficient *per se* to warrant a conviction. It is probative, but not conclusive. Briefly stated, it is competent to prove overt acts, with other facts and circumstances, for the purpose of showing the common intent entertained by the defendants. *State v. Madden,* 170 Iowa 230. The trial court recognized this rule, and instructed the jury that:

"The doing of such overt act did not constitute the crime charged in the indictment unless there was an agreement and confederation between the defendant M. W. Paden, A. R. Drake,

and John F. Smith, or either of them, to do such act prior to the time such act was done, if it was done.''

This was the law of the case. It is the law of the state. A conspiracy necessarily involves two persons; and neither the nature nor the essence of the crime can be established by the acts or declarations of one conspirator in the absence and without the knowledge and concurrence of the other. *State v. Manning,* 149 Iowa 205. The competency of such testimony is dependent on the laying of a proper foundation. In other words, a prima-facie case of conspiracy must be established. *State v. Caine,* 134 Iowa 147; *State v. Wheeler,* 129 Iowa 100; *State v. Soper,* 118 Iowa 1. We have held that the order in which evidence of this character may be introduced, rests in the sound discretion of the trial court. *State v. Walker,* 124 Iowa 414. We have also held that the better practice is to require a prima-facie showing of conspiracy before receiving such evidence. *State v. Priebe,* 198 Iowa 609; *State v. Gilmore,* 151 Iowa 618. The discretion exercised by the court in waiving the rule of better practice in this particular is a judicial discretion. If there is a clear abuse thereof, resulting in prejudice to the defendant on trial, we will not hesitate to reverse.

In the instant case, the evidence which was first admitted and later stricken was of a most condemnatory and damning character. It was stricken by the trial court for the reason that the State failed to establish a prima-facie case. The evidence related to overt acts claimed by the State to be related to and connected with the conspiracy charged. The evidence was toxic in character, and in our judgment it is beyond the realm of human possibility that the mind of the jury was not poisoned by the facts admitted. It resulted in incurable prejudice. This evidence was permitted to go to the jury in considerable detail. It constituted proof of overt acts cumulative in effect and character.

Brief mention of the facts may be made at this time. There was evidence that a stink bomb was placed in the Liberty Theater on August 13th. This was on the first day of the trouble between the managers and the operators. That the time was prior to the date alleged in the indictment is not material, since the time charged is not the essence of the offense, and it is com-

petent for the State to prove the conspiracy at any time within the statutory period. However, there was no foundation connecting the defendant with the stink bomb incident. His codefendants were not shown to have been in the state at the time in question. Proper objections were interposed, and motions to strike were made and overruled. When the first objection to testimony of this character was offered, the court did indicate that the objection would be sustained to any overt act unless the defendant was shown to have taken part in such acts, or a prima-facie case on the conspiracy was made out. Not until the conclusion of all the State's testimony were the motions to strike this line of evidence sustained. The court, in admonishing the jury not to consider the stink bomb incident, said:

"There is no competent evidence introduced, connecting any of the defendants named in the indictment herein with the commission of the act."

It is also shown that another stink bomb incident was admitted in evidence over objection. This testimony came from one of the owners of the Liberty Theater. He testified:

"There was a bomb placed in the Liberty Theater in January, 1923, with the same odor."

This constituted evidence of an overt act; but there was no attempt to connect the defendant with the affair, nor was any mention made of this testimony in any instruction given by the court. It may also be observed that the time of this incident was long after the date named in the indictment.

The State was also permitted to show that certain electric light and power wires were cut in and about the Liberty Theater on August 13, 1922. True, the court, at the eleventh hour, removed the evidence from the record and from the consideration of the jury, for the reason that the State had failed to establish a prima-facie case of conspiracy. We cannot feel that the striking from the record of the evidence of this act of vandalism cured the prejudice resulting from its improper admission. There was not even a promise on the part of the State, at the time of the offer of this evidence, to connect the defendant, or either of his codefendants, with the act, which was one of the series of overt acts offered by the State and permitted to be shown without a proper foundation.

Another overt act, without fixing the date and without connecting the defendant or either of his codefendants therewith, was admitted over objection. It is what is termed the "tear bomb incident" at the Garden Theater.

We cannot avoid the conclusion that the four acts to which brief reference has been made should have found no place in the record; that prejudice resulted therefrom which was not cured by the mere admonition on the part of the trial court.

We purposely refrain from reviewing the sufficiency of the evidence in this case, for the reason that a retrial will be necessary, under the holding of this opinion. No other propositions are reviewable, under the record before us. For the reason herein expressed, the judgment entered on the verdict is—*Reversed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.