STATE OF IOWA, Appellant, v. WILLIS DUNHAM, Appellee.

JUNE 26, 1928.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant Attorney-general, and *Roy L. Pell*, County Attorney, for appellant.

*F. E. Northup*, for appellee.

ALBERT, J.—The first two errors assigned are complaints

lodged against Instructions 4 and 5, given by the court. So long as no exceptions were taken by appellant to either of these instructions, there is nothing before this court for consideration.

The State requested two instructions reading as follows:

"1. You are instructed that it is the law that the destruction or attempt to destroy any liquid by any person, while in the presence of peace officers, or while a property is being searched by peace officers, shall be prima-facie evidence that such liquid is intoxicating liquor and intended for unlawful purposes.

"2. You are instructed that it is the law that courts and jurors shall construe the intoxicating liquor laws and the evidence submitted in the trial of such cases so as to prevent evasion of the law."

These instructions were refused, and due exception taken by the plaintiff.

As to the first instruction above requested, it is sufficient to say that, under the evidence in the case, if the liquid were destroyed, it was not destroyed by the defendant, but by his wife; hence the instruction was, as the lower court observed, entirely unnecessary.

As to the second instruction requested, Section 1922, Code of 1927, reads as follows:

"Courts and jurors shall construe this title so as to prevent evasion."

The requested instruction (No. 2), however, goes much further than that. It not only directs the jury to construe the law so as to prevent evasion, but also that they must construe the evidence submitted so as to prevent evasion. This latter phrase is beyond the provisions of the section of the statute above cited, and, of course, was rightfully refused.

Aside from the point just made, the court was justified in refusing the instruction as a whole. We do not think such a statute has any place in an instruction to a jury. The jury has nothing to do with construing the law, as that is the duty

356

of the court. For this reason also, the court was justified in refusing the instruction.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.