STATE OF IOWA, Appellee, v. E. C. KURTZ, Appellant.

No. 39605.

JUNE 24, 1929.

*Charles H. Hall* and *B. M. Soper*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

EVANS, J.—The events involved in the prosecution occurred

in December, 1927, in Story County. The defendant was night clerk in one of the hotels in Nevada. A young woman arriving  by train at Nevada about 1:00 A.M. registered at the hotel, and was assigned by defendant to a room. Her mission was one of prostitution, and that fact became known to the defendant both by observation and information from her. He was charged with having aided her in procuring patronage. The jury sustained the charge. A jail sentence and a fine were imposed.

The appellant's brief contains no assignment of specific error. The argument is devoted to the weight and sufficiency of the evidence to sustain the adverse verdict. We have read the record. Many of its details are unsavory and unprintable. We shall have no occasion to incorporate them herein. The evidence in the record is not of a doubtful or unsatisfactory character. On the contrary, it is of quite a conclusive character. The defendant became a witness in his own behalf. Much of his testimony is clearly incriminating. He admits that he learned the character of his guest at the time he assigned a room to her. He withheld the information from the proprietor of the hotel, who later discovered the situation, without aid from the defendant. Upon the record, there is no room to doubt that the room assigned was used as a place of assignation, and that defendant invited the participants therein. Some complaint is made of misconduct of the jury and of the bailiff. It is claimed that, during the deliberations of the jury, one woman juror called the defendant a "dirty skunk." The juror herself denied the use of the adjective, and affirmed that she called him only a "skunk," and that she did not challenge the cleanliness of the animal. The claim is that this conduct on the part of the juror indicated prejudice on her part, and belied her answers on *voir dire* to the effect that she had no prejudice against the defendant. The defendant's complaint in this regard was considered by the court on hearing of a motion for a new trial. Evidence was taken on the question. The juror testified that her state of mind, as indicated by her vituperation, was produced by a consideration of the evidence alone, and that it had not existed prior to the hearing of the evidence. If the evidence was such as to convince a juror of the guilt of the defendant under this charge, it was quite unavoidable that disgust should pervade the mind of the juror, and likewise

unavoidable that it should permeate the discussion in the jury room. Grosser epithets might have been applied to him without reaching the depths of his depravity, as indicated by the evidence. The epithet used in this case did no more than to indicate the juror's belief in the guilt of the defendant. The pronouncement was inelegant, but it did not violate any of the legal rights of the defendant. The evidence was closed, and the point of decision had been reached.

Complaint also is addressed to the alleged conduct of the bailiff, on the ground of alleged conversation with the jurors on subjects foreign to the case. Evidence was heard by the court  on this complaint. Upon this evidence, the court found there was no merit in the complaint. If there were conflict in the evidence, the finding of the court would be quite conclusive upon us. In fact, the evidence is quite one-sided in support of the court's ruling. No other questions are presented for our consideration.

The judgment of the district court is—*Affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.