STATE OF IOWA, Appellee, v. WILLIAM UMPHALBAUGH, Appellant.

No. 39931.

DECEMBER 13, 1929.

*Robert H. Kirlin* and *William P. Welch,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Roy E. Havens,* County Attorney, for appellee.

FAVILLE, J.—One McKay is engaged in the produce and cream business in the town of Woodbine. He sells gas, oil, feed, groceries, and other articles. His place is located on the southwest corner of one of the business blocks of said town. It was formerly used as a livery barn. The southwest corner of the building has been inclosed for use as a small grocery and cream station. Immediately east of this room is a driveway, and east of the driveway is a shed. To the rear of the shed and grocery store building there is an open court, surrounded on the west, north, and east sides by a continuous shed, over mangers and stalls. There is no means of access to this inclosure except through said driveway. On the 2d day of August, 1928, McKay was at his place of business, and the appellant came there in an automobile, and drove in said driveway. About 10 or 15 minutes before the appellant arrived at his place of business, McKay had gone into the back inclosure, and had made an examination of certain stalls there, for the purpose of finding whether any intoxicating liquor had been placed therein. There was no liquor there at the time. When the appellant came to said place of business, he drove into said driveway, stopping near the door of the store, and setting out some produce, and then drove his car forward a short distance. The witness McKay observed the appellant reach into the back seat of his car and take out a package, which the appellant placed under his arm, and then proceeded north into the open court, and then turned east toward the stall on the east side of the inclosure. At that time the appellant was

about 20 feet distant from the witness McKay, and the latter saw the appellant plainly, and observed that the package which the appellant placed under his arm was in a brown cloth, and he observed its appearance and size. About 15 minutes later, the witness McKay went to the stall where he had seen the appellant go, and then discovered two bottles of intoxicating liquor in a brown sack which had been used to hold chains. McKay testified that, between the time when he had first examined said stall and found no liquor therein and the time that he examined it after the appellant had gone toward said stall, no person other than the appellant had gone into the said back inclosure. McKay testified that the package which he found in the stall containing said bottles of liquor was the same package he saw the appellant have in his possession as he went from the automobile to the stall.

I. Appellant contends that the court erred in overruling appellant's objection to the question propounded to the witness McKay as to whether or not the package found by him in the stall was the same package that he had seen the appellant carry from his car. The identity of an object may be established by the proof of facts and circumstances, and also by the positive identification of a witness. While it is, in a sense, in the nature of an opinion, it is also a fact of personal knowledge. *State v. Hoppe,* 39 Iowa 468; *State v. Buckley,* 60 Iowa 471. The court did not err in the admission of this testimony.

II. Appellant contends that the court erred in overruling his objections to the offer in evidence of a brown sack and the two bottles of intoxicating liquor, for the reason that no proper or sufficient foundation has been laid, connecting the appellant with said exhibits. The evidence tends to show that the witness McKay, while about 20 feet distant from the appellant, saw the appellant with a package under his arm, which the witness identified as the identical package shortly thereafter discovered by him in the manger. The evidence shows that during said time no other person had been in said inclosure except the appellant. The evidence was sufficient to take to the jury the question of the identity of said package, and to permit the introduction of said exhibits in evidence.

III. Appellant contends that the court erred in overruling

appellant's motion for a directed verdict. The evidence presented a case for the jury, and the court did not err in refusing to direct a verdict because of the insufficiency of the evidence.

IV. Complaint is made of the misconduct of the county attorney in the cross-examination of the appellant, who was a witness in his own behalf. The following is the record at this point:

"Q. Have you ever been convicted of a felony before this? A. No, sir. Q. Have you ever been prosecuted on a liquor charge? Mr. Welch: Just a minute. That isn't proper cross-examination, and a misconduct. The Court: Sustained."

The record discloses that nothing further whatever was done in regard to said matter, and the examination was not pursued. The last question propounded by the county attorney on cross-examination was improper, and should not have been asked. In view of the entire record, however, we are constrained to hold that it was not such misconduct as requires a reversal of the case. There was no attempt at persisting in the line of inquiry, and there is no evidence of an apparent intention or purpose to attempt to prejudice the jury against the appellant by the asking of said question. We have heretofore refused to reverse under somewhat similar circumstances. *State v. Powers*, 180 Iowa 693; *State v. Moss*, 185 Iowa 158; *State v. Barrett*, 197 Iowa 769.

V. Appellant contends that there was misconduct on the part of jurors, for which a new trial should be granted. The appellant attached to his motion for new trial the affidavit of one of the jurors in said cause, to the effect that, during the deliberations of the jury, one of the jurors stated that the appellant had been arrested in Council Bluffs on account of a liquor law violation, and that his car had been taken away from him, and that he had pleaded guilty to violating the liquor law, and that that was what the county attorney was referring to when he asked the appellant, on cross-examination, if he had been prosecuted for a violation of the liquor law. The affiant stated that the statement was made by one of two lady jurors, whom he named. A counter showing was made by the

State by the affidavits of jurors who deposed that they heard no such statement made by any juror during the deliberations of the jury, and by one of said lady jurors that she did not make the statement referred to, and heard no other juror make any such statement during the deliberations of the jury.

The granting of a new trial on a disputed question with regard to misconduct of a juror rests largely within the discretion of the trial court, and there must be an abuse of such discretion to justify a reversal. *State v. James,* 198 Iowa 976. See, also, *State v. Cowan,* 74 Iowa 53.

We find no error in the record requiring a reversal of the judgment entered in said cause, and it is, therefore,—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.