M. L. DOEBLER, Appellee, v. E. CHERPAKOV, Appellant.

No. 42107.

NOVEMBER 14, 1933.

Edwin W. Baron, for appellant.

John F. Joseph, for appellee.

KINTZINGER, J.—The defendant owned the dwelling house in which he was charged with maintaining a nuisance. The record shows that on October 8, 1932, two members of the Sioux City

police force, without any search warrant, entered defendant's building in Sioux City. Before entering the building they made a search of the yards, garage, and chicken coops surrounding the house without finding any sign of liquor therein. After entering the dwelling house they searched the premises and found two half-pint, partly filled, bottles of liquor. One was in the possession of Mrs. Cherpakov and one in the possession of her son, a young man over twenty-one years of age. No one else was in the house. The half-pint bottle in the possession of Mrs. Cherpakov was half full. The half-pint bottle in the possession of the son was three-quarters full. The record shows that after the officers came into the house the son ran to the sink with the bottle in his possession and started to dump it when it was taken from him. The record further shows that the bottles contained alcohol liquor, and was described as moonshine whisky. Mrs. Cherpakov told the officers that she had been sick and was using the liquor for her own personal use. This is the substance of the testimony relied on by the plaintiff to justify the injunction.

The defendant had been a resident of Sioux City for twenty or thirty years during which time he had been conducting a grocery store across the street. The defendant had always borne a good reputation and had never been arrested before.

The record also shows that a criminal charge was filed against the defendant in police court based upon the same facts; that such facts were deemed insufficient to hold him, and the case was dismissed. The same facts were submitted to the grand jury for the purpose of securing an indictment against him. The grand jury also considered the facts insufficient to warrant an indictment and dismissed the case.

The record fails to show a single instance of a sale or offer to sell intoxicating liquor by the defendant to any person. The officers found no jugs, corks, bottling machines, stills, or anything else that might be used for manufacturing liquor. They searched the premises outside and inside for over a half hour without finding anything more than two small half-pint bottles, partly filled. The evidence fails to show that this liquor was in the possession of the defendant *or that he even knew that it was in the house.* The defendant was not in the house at the time the liquor was found, and there is no testimony that he had been there any time during that day or at any other time. So far as the record shows the defendant might have

88

been living elsewhere. The only evidence offered was that the defendant owned the house.

The finding of intoxicating liquor in the possession of a defendant's wife is not evidence against the husband. State v. Kuhlman, 206 Iowa 622, 220 N. W. 118.

An attempt to destroy liquor by a defendant's son who is over twenty-one raises no presumption that the defendant was in the unlawful possession of such liquor. State v. Dunham, 206 Iowa 354, 220 N. W. 77.

There is no evidence in this case that the liquor found in the possession of the defendant's wife and son was ever declared forfeited in any manner contemplated by section 1966-a1, Code. Neither is there any evidence tending to show that the liquor found on the premises was found under and by virtue of a search warrant or other process, as contemplated by section 1966-a1.

There is no testimony whatever in this case tending to show that the defendant was using the building in question for manufacturing, selling, or keeping for sale intoxicating liquors in violation of the law.

We have carefully examined the record and fail to find that the evidence is sufficient to sustain the injunction decree entered. The decree is therefore hereby set aside, defendant's bond released, and the judgment of the lower court is reversed.

ALBERT, C. J., and STEVENS, ANDERSON, KINDIG, and MITCHELL, JJ., concur.