STATE OF IOWA, Appellee, v. PERRY DAVIS et al., Appellants.

No. 45336.

310

APRIL 8, 1941.

REHEARING DENIED SEPTEMBER 26, 1941.

C. N. Jepson, H. Clifford Harper, and A. H. Bolton, for appellants.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Horace E. Pike, Assistant Attorney General, M. E. Rawlings, County Attorney, and Tom E. Murray, Assistant County Attorney, for appellee.

HALE, C. J.—The defendants, Perry Davis and Claude Bledsoe, were indicted on a charge of conspiracy. The indictment contained six counts, the first count alleging generally that Davis and Bledsoe, who were members of the detective force of Sioux City, and divers other persons whose names are unknown, did conspire together with intent to demand and accept money from divers persons whose names are unknown, and in return Davis and Bledsoe, and divers other persons whose names are unknown, were to and did permit divers persons to sell narcotic drugs, to operate houses of prostitution, and compound such offenses, and did neglect to arrest or cause to be arrested said divers persons, and were to and did secure money from divers persons by means of threats and by other means, and said Davis and Bledsoe, and divers other persons whose names are unknown, did so do such things so conspired to be done and did not do the acts conspired not to be done. The indictment extends to considerable length, and no count describes any alleged conspirator by name except the two defendants. Count No. 2 refers to Dan O'Connell as the person from whom money was obtained, and who was to be permitted to pursue his violations of law; count No. 3 makes the same reference to Don Hoover and Jessie Hoover; count No. 4 has the same reference to Elizabeth Gonding; count No. 5 to Alex Kazoe; count No. 6 to Leona Gallington; and each count, besides the name of the person to be favored, adds "and divers other persons." On motion of defendants at the close of the State's evidence for dismissal of the indictment, such motion was sustained as to count No. 4 and overruled as to the other counts. The motion was renewed at the close of the evidence, and again overruled. On trial to a jury a verdict of guilty was rendered as to both defendants. Motion for new trial was overruled and defendants appeal.

I. Error is assigned to the overruling by the court of the motion of defendants for dismissal of the indictment on the ground that the minutes of the testimony before the indicting

grand jury were not attached to and returned with the indictment, and the overruling of such motion renewed again and again throughout the trial of the case. It is not complained that witnesses were examined or attempted to be examined whose testimony was not returned with the indictment, but the reference is to witnesses who were twice called to give their testimony before the grand jury but minutes as to only one examination were returned. We do not think that the defendants can complain of this action. Witnesses are often called before the grand jury whose testimony will be of no value and it would be useless to return the minutes of such unnecessary examination with the indictment. We see no reason why, on a recall of a witness, all the minutes of both examinations need be returned. The question of return of minutes was fully discussed in State v. Martin, 210 Iowa 376, 228 N. W. 1. See that case and cases cited therein. The court did not err in overruling the motion.

▪ II. Defendants also assign error by reason of misconduct on the part of the bailiff in charge of the jury in communicating with the jury and in advising them that they could not disagree in the instant case. What this assignment assumes as a fact in relation to such misconduct is disputed by the State. The facts, according to the defendants' version, are that the jury were placed in the hands of the bailiff, retired to deliberate on April 10th, and returned after approximately 36 hours; that on April 11, 1940, about 3:30 in the afternoon, one of the bailiffs in charge of the jury, on being advised that the jury had disagreed, told the jury that they could not disagree, that they would have to reach a verdict, and that the court would compel them to stay out several days longer. The jury did, in fact, take one vote after this alleged statement, and returned their verdict in about two hours thereafter. Some of the jury, and others, made affidavits generally to this effect, but the testimony of other jurors disagreed; and the bailiff also disagreed with defendants' version. Several jurors stated that nothing was said as to how long the jury would have to remain out. The question of misconduct of juries has been before this court a great many times. In the present case, under the conflicting evidence in relation to what was said, and realizing the difficulty of witnesses being able to state just what the sub-

stance of oral statements was, we are inclined to think that there was not such misconduct as would influence or affect the verdict in any way. And in a matter of this kind, where the evidence is conflicting, we have held that the ruling on a motion for new trial based on such alleged misconduct was within the discretion of the trial court. In consideration of the specific denial of the alleged use by the bailiff of the language attributed to him, and in view of the conflict of evidence and the statements of various jurors, we are not disposed to disturb the ruling of the court and are persuaded that the court's ruling was correct. It was at least a matter which, under the circumstances, was within the discretion of the trial judge. See State v. Kurtz, 208 Iowa 849, 225 N. W. 847; State v. Siegel, 221 Iowa 429, 264 N. W. 613; State v. Phillips, 212 Iowa 1332, 236 N. W. 104, and cases cited. Such ruling is not ordinarily disturbed on appeal. State v. Reynolds, 201 Iowa 10, 206 N. W. 635; State v. Banks, 227 Iowa 1208, 290 N. W. 534; State v. Umphalbaugh, 209 Iowa 561, 228 N. W. 266; State v. Kurtz, supra.

 III. The defendants assign as error the court's action in submitting by instruction only two forms of verdict. The court said in instruction No. 23:

"If you find the defendants, Perry Davis and Claude Bledsoe, guilty of the crime of conspiracy as charged in any one or more of Counts 1, 2, 3, 5, and 6 of the indictment, you will use form of verdict No. 1.

"If you find the defendants, Perry Davis and Claude Bledsoe, not guilty of the crime of conspiracy as charged in each of Counts 1, 2, 3, 5, and 6 of the indictment, or you have a reasonable doubt of the guilt of defendants upon each and all of said accounts of said indictment, then you will use form of verdict No. 2."

The form of verdict No. 1 submitted was that the jury find the defendants, Davis and Bledsoe, guilty of the crime of conspiracy as charged in the indictment; and the second verdict was in the same form except that there would be a finding of not guilty. Defendants claim that the submission of these forms was in violation of section 13922 of the Code of 1939,

which provides that upon an indictment against several defendants any one or more may be convicted or acquitted. Defendants cite in support of their claim, State v. Elmers, 198 Iowa 1041, 200 N. W. 723, and State v. McClintock, 8 Iowa 203. The McClintock case was a charge of assault and battery by several persons upon several other persons, and, of course, charged an offense which, under the evidence, could have been committed by any one or more of the defendants. The Elmers case was a charge of maintaining a liquor nuisance, in which the defendants were jointly indicted. Under the facts of that case the court was in error in not submitting a separate verdict as to each defendant, and this court so held. The charge·in the case at bar, however, is that of conspiracy. From the very nature of the offense there must be at least two persons who entered into the conspiracy. There could be no doubt that, if only two persons are indicted and tried, the verdict must be guilty or not guilty as to both, that one could not be guilty unless the other were also guilty. In the case of State v. ·Martin, 199 Iowa 643, 646, 200 N. W. 213, 215, the court said:

"Even though one defendant should formally confess his guilt of the conspiracy, * * *. If the jury had found that there was not sufficient evidence as against one defendant, though it was sufficient as against the other, this would have required a verdict of not guilty as to both."

The defendants urge that there were named in each count of the indictment as submitted to the jury "divers persons" and "divers other persons," and that it would follow that one of the defendants might be found guilty of conspiracy with other persons and not with his codefendant. In the language of defendants' counsel:

"On an indictment of two persons and others unknown for conspiracy, * * *. One of the defendants may be acquitted and the other convicted, if the jury is satisfied that the other person conspired with the defendant against whom the verdict of guilty is rendered."

But in the case now considered, as it was tried and submitted to the jury, the charge as to the unlawful acts of con-

spiracy was limited to the two defendants. The evidence of conspiracy throughout the trial was as to the acts of the two defendants and the instructions further limited the evidence to the jury in their consideration to the two named defendants. Instruction No. 8 refers to an agreement between the defendants; in instruction No. 9 the jury were instructed as to the duty of the State to prove the guilt of the defendants, naming them, of the crime of conspiracy beyond a reasonable doubt; instruction No. 10 refers to the intent as to the two defendants named; No. 10½ likewise refers to the two defendants only, as do instructions Nos. 14, 15, 16, 18, and 19. Instructions Nos. 20 and 21 also refer to the two defendants only. The case was submitted to the jury and tried upon the theory of the guilt of the two defendants, and upon this theory alone. Under the evidence and the instructions of the court there could have been no conviction of either for the crime of conspiracy with any person unknown, but only with the other named defendant. The jury were instructed that in order to convict they must find that the defendants, Perry Davis and Claude Bledsoe, did conspire and confederate together to do the unlawful things charged in the indictment. So far as the defendants were concerned the instructions were môre favorable than if they had not been thus limited and the jury had been instructed in any other manner than they were. In effect the court said that unless the defendants conspired with each other they could not be convicted. In Worthington v. United States, 64 F. 2d 936, 939, two persons were indicted for conspiracy with each other and with divers other unknown persons. The two were tried together. One was acquitted and one convicted. The court held that the allegation in the indictment, while affording the basis for determining the admissibility and sufficiency of the evidence, was subject to denial and refutation.

"But the evidence must show the existence of another person or persons who could take the place of the misnamed member of the conspiracy. The trouble with the record in the instant case is that the indictment named two persons, appellant and Freiburger, as the two conspirators. The jury found Freiburger was not a party to the conspiracy. The evidence fails to show any other person, to the grand jury unknown, who could

take Freiburger's place and supply the necessary second party to the conspiracy. The only person who could possibly have been a party to the conspiracy was one Meyers. He was, however, to the grand jurors known, and moreover, the evidence does not establish even a prima facie case of his participation in the alleged conspiracy.''

The court held that appellant's contention on the conspiracy count could not be sustained. In crimes where it is possible that one might have been a wrongdoer while the other was not, it undoubtedly would be error to fail to submit to the jury separate verdicts as to each defendant jointly indicted; but in a case such as this, tried solely on the theory of the guilt of the two named defendants, and the jury being so instructed, a finding by the jury of the guilt of one and not the other would be unreasonable, and we are satisfied that the court was correct in submitting the verdicts in the manner and form that it did.

IV. Another objection is as to the admission of testimony of the acts and conversations of one defendant not in the presence of the other. Defendants, however, are charged with conspiracy, and it has oftentimes been held in this state that where the evidence shows that conspiracy has been entered into, acts done and words spoken which establish the existence of the conspiracy may be shown, even though both conspirators were not present at the time. It is necessary, of course, that the proper foundation be laid, that a prima facie case of conspiracy must be established. See State v. Paden, 199 Iowa 383, 386, 202 N. W. 105, 107, and cases cited therein. That such conspiracy may be proved by circumstantial evidence has also been decided. State v. Lowenberg, 216 Iowa 222, 243 N. W. 538; State v. Blackledge, 216 Iowa 199, 243 N. W. 534; State v. Terry, 207 Iowa 916, 223 N. W. 870; State v. Priebe, 198 Iowa 609, 199 N. W. 276. We think the evidence was properly admitted.

Other errors assigned are as to the question of testimony against the defendants by alleged accomplices and co-conspirators without corroboration. Examination of the record indicates that this contention is not supported by the testimony and that there was sufficient corroboration.

Objection is made to various instructions. We need not set these out in detail as such exceptions were not presented to

the district court, but merely an omnibus assignment of error. Examination of the instructions convinces us that they were correct, but in any event such exception as is required was not made. A general exception to instructions would necessarily be disregarded unless it specified that portion which is objected to, and the grounds of the objection. See State v. Phillips, supra; State v. Dunham, 206 Iowa 354, 220 N. W. 77; State v. Bamsey, 208 Iowa 796, 223 N. W. 873. And to be considered the exceptions must specifically and definitely point out the error complained of. State v. Grigsby, 204 Iowa 1133, 216 N. W. 678; State v. Higgins, 192 Iowa 201, 182 N. W. 887.

Under the facts in the case, and the case as submitted to the jury, we find no error, and the cause is, accordingly, affirmed. —Affirmed.

STIGER, BLISS, OLIVER, and GARFIELD, JJ., concur.

SAGER, MILLER, and WENNERSTRUM, JJ., dissent.